UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TERRY BROWN,
    Plaintiff,

vs

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
    Defendant.

Case No. 1:11-cv-666
Barrett, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Terry Brown (Mr. Brown) brings this action pro se against defendant, the Equal Employment Opportunity Commission (EEOC), seeking to compel the EEOC "to perform their duties as civil rights investigators." (Doc. 3 at 1). This matter is before the Court on: (1) the EEOC's motion to dismiss (Doc. 8), Mr. Brown's memoranda in opposition (Docs. 10, 14), and the EEOC's reply (Doc. 12); (2) Mr. Brown's motion for a more definite statement (Doc. 11), the EEOC's response in opposition (Doc. 13), and Mr. Brown's reply (Doc. 15); and (3) the EEOC's motion to strike (Doc. 16) and Mr. Brown's response in opposition (Doc. 17). The Court will first address the pending motion to dismiss.[1]

**I. The EEOC's Motion to Dismiss (Doc. 8)**

The EEOC asserts this Court lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and, alternatively, that Mr. Brown fails to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6). The EEOC's motion strictly construes Mr. Brown's petition as a complaint. However, Mr. Brown has explicitly stated in his petition and subsequent filings that he seeks a writ of mandamus.[2] Therefore, the Court will first address whether Mr. Brown's petition sets forth

---

[1] Mr. Brown's petition and subsequent filings fail to make clear if he intended to file only a writ of mandamus or, also, an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq, and/or the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et seq. Out of an abundance of caution, the Court will analyze the instant action as seeking a writ of mandamus as well as relief under Title VII and the ADEA.

[2] The Court bases its determination on the title of the petition and references within. (Doc. 3). Further, Mr.

grounds warranting mandamus relief.

   A. Mr. Brown is not entitled to a writ of mandamus.

As previously stated, Mr. Brown seeks mandamus relief in the form of a court order compelling the EEOC to "perform their duties as civil rights investigators." (Doc. 3 at 1). The petition provides that Mr. Brown met with an EEOC employee regarding a potential claim against his former employer, Danson, Inc. Aegis Protective Services (Danson).[3] (Doc. 3, Ex. 1). Mr. Brown did not file a charge of employment discrimination with the EEOC at that time because the investigator he met with, Ms. Charlesetta Bell (Bell), informed him that the EEOC does not regularly request human resources records or go to the employer's place of business to investigate charges. (Doc. 3 at 2). Mr. Brown subsequently sent Bell a request for written documentation of the EEOC's investigation process. *Id.* Mr. Brown asserts that the EEOC's failure to provide him documentation responsive to his request proves that it does not properly investigate claims of employment discrimination. *Id.* As relief, Mr. Brown asks that the Court compel and command the EEOC to provide him with written confirmation as requested and to investigate claims accurately. *Id.* at 3.

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Courts have consistently held that "[a] writ of mandamus is an extraordinary remedy, and is intended to provide a remedy only if the plaintiff has exhausted all other avenues of relief and the defendant owes the plaintiff a clear nondiscretionary duty." *Willis v. Sullivan*, 931 F.2d 390, 395 (6th Cir. 1991) (citing *Heckler v. Ringer*, 446 U.S. 602, 616-617

---

Brown's consistently references the petition as one seeking a writ of mandamus in his memoranda in opposition to the EEOC's motion to dismiss. (Docs. 10, 14).

[3] Mr. Brown has filed a separate lawsuit against Danson raising discrimination claims under Title VII. *See Brown v. Danson, Inc.*, No. 1:11-cv-820 (S.D. Ohio 2011).

(1984)). Accordingly, "[t]he existence of jurisdiction under section 1361 is inextricably bound with the merits of whether a writ of mandamus should be issued" and jurisdiction "cannot exist unless the plaintiff colorably demonstrates either that he exhausted all other avenues of relief, or that further exhaustion should be excused." *Willis*, 931 F.2d at 395-396 (quoting *Sloan v. Sec'y of H.H.S.*, 825 F.2d 1081, 1083 (6th Cir. 1987)). *See also In re King World Prods., Inc.*, 898 F.2d 56, 58 (6th Cir. 1990) (citing *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296 (1989) ("[T]here must be a demonstration of a lack of adequate alternative means to obtain the relief they seek and that the right to the issuance of the writ is clear and indisputable.")).

Mr. Brown's request for mandamus relief should be denied because his petition fails to meet the standard for granting this extraordinary remedy. First, Mr. Brown has failed to show that the EEOC, a federal agency, owes him a nondiscretionary duty. *See Sunbeam Appliance Co., Div. of Sunbeam Corp. v. Kelly*, 532 F. Supp. 96, 98 (N.D. Ill. 1982) ("A district court possesses section 1361 jurisdiction to mandamus federal agents only when a clear, plainly defined and peremptory duty on the federal defendant is shown."). While the EEOC is required by 42 U.S.C. § 2000e-5(b) to "make an investigation" of a filed charge, the manner in which this investigation is to take place is not dictated by the statute. *See EEOC v. Keco Industries, Inc.*, 748 F.2d 1097, 1100 (6th Cir. 1984) ("[T]he nature and extent of an EEOC investigation into a discrimination claim is a matter within the discretion of that agency."); *Feldstein v. EEOC*, 547 F. Supp. 97, 101 (D. Mass. 1982) ("The investigative decision depends on the judgment of the agency," and "[t]he extent of the obligation to conduct that investigation is not clear either."). Because the EEOC has discretion over the investigation tactics it employs, Mr. Brown is not owed a clear, nondiscretionary duty. Consequently, Mr. Brown is not entitled to mandamus relief.

Second, Mr. Brown is not entitled to a writ of mandamus because he has other adequate

remedies, namely his private right of action against his former employer. Denial of a writ of mandamus is proper when a suit could be filed against the individual's employer. *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002). In *Newsome*, a former private employee sought a writ of mandamus compelling the EEOC to reopen its investigation of her employer and to ask "particular questions." *Id.* The Fifth Circuit upheld the district court's denial of the writ in part because the employee had another available remedy - filing suit against her former employer. *Id. See also Feldstein*, 547 F. Supp. at 101 (writ of mandamus requiring further investigation by the EEOC was denied because the employee could "fully vindicate his rights against the employer directly."). Similarly, here, Mr. Brown has available to him the adequate remedy of vindicating his rights via his suit against his former employer. Consequently, granting his writ of mandamus against the EEOC is inappropriate.

As Mr. Brown is not owed a nondiscretionary duty by the EEOC and has an adequate remedy available to him, his petition for a writ of mandamus should be denied.

  B. <u>Alternatively, this matter should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1)</u>.

The EEOC moves for dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). (Doc. 8). The EEOC asserts that Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, do not afford this Court subject matter jurisdiction over Mr. Brown's claims. Mr. Brown's memoranda in response to defendant's motion to dismiss states that he never asserted jurisdiction under either Title VII or the ADEA and that subject matter jurisdiction is provided by 28 U.S.C. § 1361. (Docs. 10, 14). Despite these representations and given the ambiguous nature of Mr. Brown's pro se petition, the Court will also analyze Mr. Brown's petition/complaint as a Title VII and ADEA complaint for the purposes of this ruling.

4

"[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute." *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003); *see also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) ("Federal Courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."). The burden of establishing jurisdiction lies with the party who brings the matter to court. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, Mr. Brown has the burden of demonstrating that this Court has subject matter jurisdiction over instant matter.

Assuming Mr. Brown is asserting jurisdiction under Title VII, his complaint should be dismissed because "[t]here is no private cause of action for the improper investigation or processing of a discrimination charge" under Title VII. *Reed v. EEOC*, No. 96-1275, 1996 WL 636171, at *1 (6th Cir. Oct. 30, 1996).[4] A Title VII claim may only be brought against the EEOC when Congress has "either expressly or by clear implication" provided a right of action to the individual. *Warth v. Seldin*, 422 U.S. 490, 516 (1975). "Title VII does not provide either an express or implied cause of action against the EEOC to challenge its investigation and processing of a charge." *Haddad v. EEOC*, 111 F. App'x 413, 415 (6th Cir. 2004). *See also McCottrell*, 726 F.2d at 351 (same); *Reed*, 1996 WL 636171, at *1 ("There is no private cause of action for the improper investigation or processing of a discrimination charge."); *Newsome v. EEOC*, 301 F.3d at 232 ("we have held that Title VII does not confer on a charging party a right of action against the EEOC"); *Gibson v.*

---

[4] Indeed, jurisdiction under Title VII is limited to the following three grounds: The first provides jurisdiction to federal courts to hear actions brought by the EEOC, private parties or the Attorney General against employers for alleged discrimination. 42 U.S.C. § 2000e-5(f)(3). The second provision housed in Title VII grants jurisdiction over actions brought by the Attorney General against "any person or group of persons who is engaged in a pattern or practice of resistance to the full enjoyment of the rights of [Title VII]." 42 U.S.C. § 2000e-6. The final provision grants jurisdiction over claims made by federal employees or aggrieved federal employment applicants against a federal employer. 42 U.S.C. § 2000e-16. *See also Marshburn v. Thomas*, No. 90-0863, 1991 WL 18407, at *2 (D.D.C. Jan. 31, 1991). None of these situations is present in the instant matter.

*Missouri Pac. R.R.*, 579 F.2d 890, 891 (5th Cir. 1978) (same); *Feldstein,* 547 F. Supp. at 99 ("There is no language granting such a right to sue" and "plaintiffs who disagree with the EEOC have the right to vindicate their claims directly against the employer."); *Marshburn v. Thomas*, 1991 WL 18407, at *2 (granting a motion to dismiss a pro se plaintiff's complaint against the EEOC because "[Title VII] does not authorize any such action against the EEOC."). Rather, in a case such as this, Congress has provided that plaintiff's remedy is "to commence suit in the district court against the party allegedly engaged in discrimination." *McCottrell v. EEOC*, 726 F.2d 350, 352 (7th Cir. 1984). As noted above, plaintiff has already commenced a suit in this Court against Danson, his former employer, who allegedly engaged in discriminatory practices. Thus, plaintiff has utilized the remedy afforded him by Title VII and his suit against the EEOC should be dismissed.

Likewise, this matter should be dismissed for lack of jurisdiction to the extent that plaintiff's petition/complaint seeks relief under the ADEA. Similar to Title VII, the ADEA does not permit private causes of action against the EEOC for the alleged improper handling of a discrimination charge. *See Wrenn v. Kemp*, No. 1:92-cv-0122, 1992 WL 402898, at *1 (N.D. Ohio May 6, 1992), *aff'd*, No. 92-3513, 1992 WL 349002 (6th Cir. Nov. 24, 1992) (there is no cause of action under the ADEA for the improper handling of a discrimination charge). *See also Wrenn v. Vanderbilt University Hospital,* No. 93-5994, 1994 WL 28670, at *2 (6th Cir. Jan. 31, 1994) (same); *Baba v. Japan Travel, Bureau International, Inc.,* No. 94 Civ. 2171, 1995 WL 35689, at *2 (S.D.N.Y. Jan. 30, 1995) (holding that there is no private cause of action under the ADEA for claims against the EEOC and that "plaintiff's interest in obtaining a remedy for the harm caused by present or past discrimination is protected by a de novo federal court suit against the employer, and remains unaffected by the EEOCs action or inaction.").

As previously stated, Mr. Brown was neither an employee of, nor candidate for employment

6

with, the EEOC and, therefore, does not have a private right of action against the defendant. Consequently, neither Title VII nor the ADEA provides this Court subject matter jurisdiction over Mr. Brown's ostensible claims against the EEOC.

The EEOC alternatively submits that this matter should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), asserting that Mr. Brown has failed to state a claim upon which relief can be granted. This argument need not be reached. In light of the above findings that plaintiff does not have a private right of action against the EEOC under either Title VII or the ADEA, there is no possible set of facts that plaintiff could allege which would state a claim upon which relief can be granted.

## II. Remaining Motions

In light of this Court's recommendation that the instant matter be dismissed, the Court denies as moot plaintiff's motion for a more definite statement (Doc. 11) and the EEOC's motion to strike plaintiff's supplemental memoranda. (Doc. 16).

**IT IS HEREBY ORDERED THAT** plaintiff's motion for a more definite statement (Doc. 11) and the EEOC's motion to strike (Doc. 16) are **DENIED** as moot.

Further, **IT IS THEREFORE RECOMMENDED THAT:**

Defendant EEOC's motion to dismiss the complaint be **GRANTED** and this case be **DISMISSED**.

Date: 8/2/2012

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TERRY BROWN,                                                  Case No. 1:11-cv-666
      Plaintiff,                                            Barrett, J.
                                                              Litkovitz, M.J.

vs

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
      Defendants,

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Terry Brown
1731 Tuxworth Ave.
Cinti, OH 45238

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☒ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7002 3150 0000 8389 9180

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540