# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| TERRY BROWN, | CASE NO.: 11-cv-666 |
| Plaintiff, | Barrett, J. |
| | Litkovitz, M.J. |
| v. | |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Litkovitz's Report and Recommendation ("Report"). (Doc. 18). The parties were given proper notice pursuant to Federal Rule of Civil Procedure 72(b), including notice that the parties may waive further appeal if they fail to file objections in a timely manner. (Doc. 18, p. 8); *see also United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Plaintiff Terry Brown timely filed objections to the Report (Doc. 19), Defendant Equal Employment Opportunity Commission ("EEOC") filed a response to the objections (Doc. 20), and Plaintiff Terry Brown filed a subsequent response to Defendant's opposition to the objections (Doc. 22). This matter is now ripe for review.

**I.    THE REPORT**

Magistrate Judge Litkovtiz's Report (Doc. 18) addresses three motions: (1) the EEOC's motion to dismiss (Doc. 8); (2) Mr. Brown's motion for a more definite statement (Doc. 11); and (3) the EEOC's motion to strike (Doc. 16).

1

The Report starts with an analysis of the EEOC's motion to dismiss. (*See* Doc. 18, pp. 1-4). The Report indicates that the Complaint filed by Mr. Brown suggests he is pursuing a writ of mandamus pursuant to 28 U.S.C. § 1361, but that the EEOC in its motion construed the Complaint as raising claims for relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and/or the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* (Doc. 18, pp. 1-2). The Report considers both issues in determining whether Mr. Brown may proceed. (Doc. 18, pp. 1-7). Looking first to whether a writ of mandamus should issue pursuant to Section 1361, the Report concludes that a writ is an extraordinary remedy to which Mr. Brown has not demonstrated he is entitled. (Doc. 18, pp. 2-3). Specifically, the Report concludes that Mr. Brown has not demonstrated that the EEOC owes him a nondiscretionary duty or that he lacks another avenue of relief given that he already had filed a separate lawsuit against his former employer. (Doc. 18, pp. 2-3). As such, it is recommended that Mr. Brown be denied a writ of mandamus. (Doc. 18, p. 4).

After recommending that Mr. Brown be denied a writ of mandamus, the Report considers whether any claim asserted by Mr. Brown under either Title VII or the ADEA would be subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(1). (Doc. 18, pp. 4-7). The Report concludes that neither Title VII nor the ADEA provides the Court with subject matter jurisdiction over Mr. Brown's ostensible claims against the EEOC because neither permits an express or implied cause of action against the EEOC for its investigation, processing or handling of a charge. (Doc. 18, pp. 5-7). Given that conclusion, the Magistrate Judge found it unnecessary to reach the EEOC's argument that Mr. Brown failed to state a claim under Fed. R. Civ. P. 12(b)(6). (Doc. 18, p. 7).

2

Accordingly, the Report recommends that, in the alternative, the action be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction under Title VII and the ADEA. (Doc. 18, p. 7).

As for the remaining motions, the Report orders that they are denied as moot in light of the prior recommendations that the case be dismissed. (Doc. 18, p. 7).

## II.   STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.; see also* 28 U.S.C. § 636(b)(1).

## III.   ANALYSIS

Although the precise bases for Mr. Brown's objections are not clear, the Court construes them broadly. *See Moore v. Holbrook*, 2 F.3d 697, 705 (6th Cir. 1993). In doing so, it infers that Mr. Brown intends to object to the Report on four separate grounds relating to the dismissal of this action. (*See* Doc. 19; Doc. 22). Each of his objections is addressed separately below.

### A.   First Objection

Mr. Brown's first objection appears to be that the Magistrate Judge dismissed his case entirely on the basis that claims for relief against the EEOC under Title VII and the ADEA cannot stand, instead of recognizing that he filed a Petition for a Writ of Mandamus pursuant to Section 1361 and not a Title VII or ADEA complaint against the

3

EEOC. (Doc. 19, pp. 1-2). This Court finds that Mr. Brown is incorrect as to his interpretation of the Report, as the Report specifically analyzed his Petition for a Writ of Mandamus and recommended dismissal of the same, and alternatively, recommended dismissal of any claims for relief under Title VII or the ADEA that Mr. Brown intended to assert. (Doc. 18). Accordingly, Mr. Brown's first objection is overruled.

This Court recognizes, however, that Mr. Brown contends that he is not asserting claims for relief against the EEOC under Title VII and the ADEA and therefore does not believe that the Report's recommendation as to those claims for relief is applicable to his action. While the Court acknowledges that the analysis may be inapplicable if Mr. Brown is not asserting such claims, it finds that to the extent such claims for relief are being asserted, the Report's analysis is correct. Therefore, the Court adopts the Report's recommendation that those ostensible claims be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

### B. Second Objection

Mr. Brown's second objection appears to be that the Magistrate Judge should not have recommended dismissal of his Petition for a Writ of Mandamus pursuant to Section 1361 because the EEOC's motion to dismiss sought to dismiss only substantive claims for violation of Title VII and the ADEA, which Mr. Brown claims he did not bring. (Doc. 19, pp. 1-2; Doc. 22, pp. 1-2). Mr. Brown alleges that the EEOC tried to amend its motion to dismiss after he responded to it by claiming that the case should be dismissed under Section 1361 as well. (Doc. 22, p. 1).

The Court is not persuaded by Mr. Brown's argument. Mr. Brown is correct that the EEOC originally sought to dismiss the Complaint (Doc. 3) for lack of subject matter

jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) as to his purported claims for relief under Title VII and the ADEA. (Doc. 8). However, once Mr. Brown indicated in his opposition that he was seeking a writ of mandamus, the EEOC appropriately responded by explaining why the case should be dismissed in that regard as well. (Doc. 12). Therefore, the issue of whether Mr. Brown's Petition for a Writ of Mandamus pursuant to Section 1361 should be denied was properly before the Magistrate Judge. Moreover, the Magistrate Judge could *sue sponte* consider the issue of subject matter jurisdiction even absent a proper motion.[1] *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."); *see also* 28 U.S.C. § 1915(e) (permitting a court to dismiss an action brought *in forma pauperis* for failure to state a claim);[2] *Budrow v. Leffler*, 86 Fed. App'x 899 (6th Cir. Jan. 30, 2004) (affirming the district court's *sua sponte* dismissal of the plaintiff's petition for a writ of mandamus pursuant to 28 U.S.C. § 1361 for lack of subject matter jurisdiction where the plaintiff did not assert a clear right to any nondiscretionary duty to act). Accordingly, the Court finds that the Magistrate Judge did not err in considering the dismissal of Mr. Brown's Petition for a Writ of Mandamus in her Report. Mr. Brown's second objection is overruled.

---

[1] "The existence of jurisdiction under section 1361 is inextricably bound with the merits of whether a writ of mandamus should [be] issue[d]." *Willis v. Sullivan*, 931 F.2d 390, 395 (6th Cir. 1991) (quoting *Slone v. Sec'y of H.H.S.*, 825 F.2d 1081, 1083 (6th Cir. 1987) (considering whether the district court had subject matter jurisdiction to issue mandamus relief pursuant to Section 1361).

[2] The Court notes that Mr. Brown is proceeding *in forma pauperis* in this action. (*See* Docs. 1, 2).

### C. Third Objection

Mr. Brown's third objection appears to be that the Magistrate Judge incorrectly concluded that he failed to demonstrate that the EEOC owes him a clear nondiscretionary duty. (Doc. 19, pp. 2-5). First, he complains that the EEOC did not comply with the requirements of 29 C.F.R. § 1601.14 by sending his employer a notice of his charge and did not investigate as it suggested it would in a letter dated September 26, 2011; instead, it dismissed his entire case and issued a right-to-sue letter on September 27, 2011. (Doc. 19, pp. 1-3). Mr. Brown alleges that evidence demonstrates he was deprived of any administrative remedy and that the EEOC failed to properly investigate claims of employment discrimination. (Doc. 19, p. 3). Second, he also appears to allege that the EEOC has a clear nondiscretionary duty to issue a subpoena under 42 U.S.C. § 2000e-8(a) even after the employee has been issued a right-to-sue letter and has filed a private action against his employer. (Doc. 22, p. 3) (citing *EEOC v. Fed. Express Corp.*, 558 F.3d 842 (9th Cir. 2009)).

Mr. Brown's objections do not refute the Magistrate Judge's conclusion that he has failed to demonstrate he is entitled to mandamus relief. As the Report correctly states (Doc. 18, p. 2), the "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The Sixth Circuit has held that "[a] writ of mandamus is an extraordinary remedy" and is "intended to provide a remedy only if the plaintiff has exhausted all other avenues of relief and the defendant owes the plaintiff a clear nondiscretionary duty." *Willis v. Sullivan*, 931 F.2d 390, 395 (6th Cir. 1991) (citing *Heckler v. Ringer*, 466 U.S. 602, 616-17, 104 S.Ct.

2013, 2022-23 (1984)); *see also Sunbeam Appliance Co. v. Kelly*, 532 F. Supp. 96, 98 (N.D. Ill. 1982).

Mr. Brown has not demonstrated that the EEOC owes him a clear nondiscretionary duty. His objections go towards the sufficiency of the EEOC's investigation of his discrimination claim. *See EEOC v. Keco Indus., Inc.*, 748 F.2d 1097, 1100 (6th Cir. 1984). As the Report correctly states (Doc. 18, p. 3), the "nature and extent of an EEOC investigation into a discrimination claim is a matter within the discretion of that agency." *Keco Indus, Inc.*, 748 F.2d at 1100 (district court erred in allowing a challenge as to the sufficiency of the EEOC's investigation leading to the issuance of a reasonable cause determination); *see also Feldstein v. EEOC*, 547 F. Supp. 97, 101 (D. Mass. 1982) ("The investigative decision depends on the judgment of the agency," and "[t]he extent of the obligation to conduct that investigation is not clear either."). As the EEOC has discretion in regards to its investigatory tactics, Mr. Brown is not owed a clear, nondiscretionary duty with respect to investigating his discrimination claim.

Further, to specifically address Mr. Brown's objection as to Section 1601.14, he has not demonstrated that the EEOC lacks discretion with respect to sending the charge notice to the employer; indeed, the language of that procedural regulation reflects that some exercise of discretion may be necessary. 28 U.S.C. § 1601.14*; see also Sunbeam Appliance Co.*, 532 F. Supp. at 98. There also is no indication that the EEOC's compliance with the procedural regulation of sending the employer a charge

7

notice would provide Mr. Brown with the investigatory relief he demands, and therefore, it is irrelevant in determining whether a writ of mandamus should issue.[3]

Although Mr. Brown also insists that the EEOC has authority to issue a subpoena under 42 U.S.C. § 2000e-8(a) even after the employee has been issued a right to sue letter and has filed a private action against his employer, the caselaw cited by Mr. Brown does not indicate that the EEOC is *required* to do so. (Doc. 22, pp. 2-3) (citing *EEOC v. Fed. Express Corp.*, 558 F.3d 842 (9th Cir. 2009)). Rather, the Ninth Circuit stated that "even though the EEOC normally terminates the processing of the charge when it issues the right-to-sue notice, it can, under limited circumstances, continue to investigate the allegations in the charge, which includes the authority to subpoena information relevant to that charge." *Id.* at 850. In that case, the court found the EEOC had authority to subpoena an employer where the case possibly involved a policy or pattern of discrimination affecting others, but it certainly did not hold that the EEOC was required to do so in every circumstance. *See id.* at 850-51. Again, the court afforded to the EEOC discretion to determine the nature and extent of the investigatory tactics it chose to employ. *Id.; see also Keco Indus, Inc.*, 748 F.2d at 1100; *Feldstein*, 547 F. Supp. at 101. Here, unlike in *Federal Express Corp.*, Mr. Brown does not claim that this is a case involving a policy or pattern of discrimination affecting others, and even if he did, the issuance of a subpoena by the EEOC to the employer still would be discretionary.

---

[3] Although Mr. Brown claims that the alleged failure of the EEOC to send the charge notice under Section 1601.14 allowed his employer not to respond to the charge (Doc. 19, p. 3), nothing in Section 1601.14 requires the employer to answer the charge. In any event, his complaint in that respect once again raises a challenge as to the EEOC's investigation, which is a matter within the discretion of the EEOC.

Accordingly, the Court does not find that Mr. Brown has demonstrated that the EEOC owes him a clear, nondiscretionary duty. *Budrow*, 86 Fed. App'x at 900 (affirming dismissal of petition for writ of mandamus under 28 U.S.C. § 1361 for failure to show a clear right to any nondiscretionary duty to act). Mr. Brown's third objection is overruled.[4]

### D. Fourth Objection

Mr. Brown's fourth objection is that the Magistrate Judge erred in denying his Petition for a Writ of Mandamus on the independent basis that he has an adequate alternative remedy. (Doc. 19, pp. 3-5). He asserts that he would not have any other avenue of relief to pursue his claims against his employer if his separate employment discrimination case brought directly against his employer is not successful. (Doc. 19, pp. 3-4).

As mentioned above, the Sixth Circuit has held that "[a] writ of mandamus is an extraordinary remedy" and is "intended to provide a remedy only if the plaintiff has exhausted all other avenues of relief and the defendant owes the plaintiff a clear nondiscretionary duty." *Willis*, 931 F.2d at 395 (citing *Heckler*, 466 U.S. at 616-17). "'[J]urisdiction to entertain a petition for its issuance cannot exist unless the plaintiff colorably demonstrates either that he has exhausted all other avenues of relief, or that further exhaustion should be excused.'" *Id.* (quoting *Slone*, 825 F.2d at 1083).

Mr. Brown's objection is not well taken. As an initial matter, Mr. Brown did not raise this objection to the Magistrate Judge. (*See* Docs. 10, 14). Objections not raised before the Magistrate Judge are deemed waived. *See United States v. Waters*, 158

---
[4] Even if the Court decided not to overrule this objection, the Petition still should be denied on the independent basis that he has an adequate alternative remedy. *See infra*, § III(D).

F.3d 933, 936 (6th Cir. 1998). However, even if Mr. Brown's objection was not waived, he still has not demonstrated he is entitled to mandamus relief. Mr. Brown admits (Doc. 19, p. 3) that he has filed a separate lawsuit against his employer in which he has raised discrimination claims under Title VII. *See Brown v. Danson, Inc.* No. 11-cv-820 (S.D. Ohio 2011). The availability of a lawsuit directly against his former employer is an adequate alternative remedy that permits Mr. Brown to fully vindicate his rights. *See Newsome v.* EEOC, 301 F.3d 227, 231 (5th Cir. 2002); *see also* Feldstein, 547 F. Supp. at 101. Although Mr. Brown expresses concern that his separate lawsuit eventually could be unsuccessful in the district court (Doc. 19, pp. 3-4), he still will have an adequate available remedy of direct appeal should his case be dismissed, *see In re King World Productions, Inc.*, 898 F.2d 56, 58 (6th Cir. 1990) (recognizing that the availability of a direct appeal may be an adequate alternative remedy). Consequently, the Court finds that Mr. Brown has available to him an adequate alternative remedy, and his fourth objection is overruled.

## IV. **CONCLUSION**

Having reviewed this matter *de novo*, this Court finds the Report (Doc. 18) to be correct. Accordingly, Mr. Brown's objections (Docs. 19, 22) are **OVERRULED** and the Report (Doc. 18) is **ADOPTED** in its entirety. It is hereby **ORDERED** that:

1. Mr. Brown's Petition for a Writ of Mandamus (Doc. 3) is DENIED;

2. The EEOC's motion to dismiss (Doc. 8) the complaint is GRANTED; and

3. This matter is DISMISSED and TERMINATED from the docket of this Court.

**IT IS SO ORDERED.**

                                                              <u>s/ Michael R. Barrett</u>
                                                              Michael R. Barrett, Judge
                                                              United States District Court